IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK LAKEITH BROWN, :
:
         Plaintiff, :
: CIVIL NO. 3:CV-09-1732
         v. :
: (JUDGE VANASKIE)
HARLEY LAPPIN, et al., :
:
         Defendants. :
:

MEMORANDUM

Background

    This pro se civil rights complaint was initiated by Derrick Lakeith Brown, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). Along with his complaint, Brown has submitted an application requesting leave to proceed in forma pauperis. For the reasons set forth below, Brown's complaint will be dismissed, without prejudice, pursuant to the screening provisions of 28 U.S.C. § 1915(g).[1]

    Named as Defendants are Director Harley Lappin of the Federal Bureau of

---

[1] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Prisons and numerous additional federal corrections officials, including employees at Plaintiff's prior place of confinement, the United States Penitentiary, Tucson, Arizona (USP-Tucson) and USP-Lewisburg. The gist of Plaintiff's complaint is that he was subjected to a retaliatory transfer from USP-Tucson to USP-Lewisburg and has been subjected to unwarranted placement in the Special Management Units (SMU) at both prisons. His Complaint seeks monetary and injunctive relief.[2]

Discussion

The Prison Litigation Reform Act of 1996 (PLRA) enacted what is commonly referred to as the three strikes provision. Codified at 28 U.S.C. § 1915(g), it directs that a federal civil action by a prisoner proceeding in forma pauperis is barred if he or she:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Brown, while incarcerated, previously initiated the following civil actions which were dismissed as frivolous by the United States District Court for the Western District of Tennessee: Brown v. Memphis Police, No. 2:01-2868 (Nov. 13, 2001)(sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii)); Brown v. Shelby County, et al., No. 2:02-2365 (June 19, 2002)(dismissal on grounds that § 1983 complaint is frivolous);

---

[2] As partial relief, Plaintiff seeks his immediate release from custody. Inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975).

Brown v. Shelby County, et al., No. 2:02-2366 (June 19, 2002)(sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii)); and Brown v. Nurse Brown, et al., No. 2:02-2368 (June 27, 2002)(dismissal with observation that Brown has three dismissals of cases as frivolous and thus is subject to § 1915(g)). This Court agrees with the determination announced by the Western District of Tennessee in the last-cited case, *i.e.*, that the above enumerated dismissals constitute three strikes for the Plaintiff as contemplated under § 1915(g).

The only exception to the three strikes requirement is where the alleged unconstitutional conduct places the inmate plaintiff in danger of imminent "serious physical injury" at the time his complaint was filed. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001). It must be shown that "the danger of serious physical injury was imminent at the time the complaint was filed, not at the time of the alleged incident." McCarthy v. Warden, USP-Allenwood, 2007 WL 2071891 *2 (M.D. Pa. July 18, 2007)(Caldwell, J.). Past danger is insufficient, rather, the danger must be about to occur at any moment or impending. See id.

In this case, the alleged unconstitutional conduct did not place this inmate in danger of imminent serious physical injury at the time this matter was filed. Accordingly, this action will be dismissed under § 1915(g). An appropriate Order will enter.

                                                                  s/ Thomas I. Vanaskie  
                                                                  Thomas I. Vanaskie  
                                                                  United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK LAKEITH BROWN, :
:
        Plaintiff, :
: CIVIL NO. 3:CV-09-1732
    v. :
: (JUDGE VANASKIE)
HARLEY LAPPIN, et al., :
:
        Defendants. :
:

## ORDER

NOW THIS 10th DAY OF NOVEMBER, 2009, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE as barred by 28 U.S.C. § 1915(g).

2. The Clerk of Court is directed to CLOSE the case.

3. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

                                s/ Thomas I. Vanaskie
                                Thomas I. Vanaskie
                                United States District Judge

